UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN JOSEPH LEVESQUE,

     Plaintiff,

v.                                        Case No.:  8:22-cv-995-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## OPINION AND ORDER

Plaintiff Brian Joseph Levesque seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. Plaintiff also filed a reply. As explained below, the decision of the Commissioner is **REVERSED and REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

I.    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

A.    **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A); 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505–404.1511, 416.905–416.911.

**B.    Standard of Review**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo

standard. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At the first step, the ALJ must determine whether the claimant is currently engaged in substantial gainful employment. 20 C.F.R. § 404.1520(a)(4)(i), (b); 20 C.F.R. § 416.920(a)(4)(i), (b). At step two, the ALJ must determine whether the impairment or combination of impairments from which the claimant allegedly suffers is "severe." 20 C.F.R. § 404.1520(a)(4)(ii), (c); 20 C.F.R. § 416.920(a)(4)(ii), (c). At step three, the ALJ must decide whether the claimant's severe impairments meet or medically equal a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii), (d); 20 C.F.R. § 416.920(a)(4)(iii), (d). If the ALJ finds the claimant's severe impairments do not meet or medically equal a listed impairment, then the ALJ must determine whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv), (e)–(f); 20 C.F.R. § 416.920(a)(4)(iv), (e)–(f).

If the claimant cannot perform his past relevant work, the ALJ must determine at step five whether the claimant's RFC permits him to perform other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), (g), 416.920(a)(4)(v), (g). At the fifth step, there are two ways in which the ALJ may establish whether the claimant is capable of performing other work available in the national economy. The first is by applying the Medical Vocational Guidelines, and the second is by the use of a vocational expert. *Phillips v. Barnhart*, 357 F.3d 1232, 1239-40 (11th Cir. 2004); *Atha v. Comm'r, Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015).

The claimant bears the burden of proof through step four. *Atha*, 616 F. App'x at 933. If the claimant meets this burden, then the burden temporarily shifts to the Commissioner to establish the fifth step. *Id.*; 20 C.F.R. § 404.1520(a)(4)(v), (g); 20 C.F.R. § 416.920(a)(4)(v), (g). If the Commissioner presents evidence of other work that exists in significant numbers in the national economy that the claimant is able to perform, only then does the burden shift back to the claimant to prove he is unable to perform these jobs. *Atha*, 616 F. App'x at 993.

## C.    Procedural History

Plaintiff applied for a period of disability and disability insurance on July 17, 2020, alleging disability beginning on February 27, 2020. (Tr. 120, 267-68). The application was denied initially and on reconsideration. (Tr. 120, 141). Plaintiff

requested a hearing, and on July 8, 2021, a hearing was held before Administrative

Law Judge Carl McGhee ("ALJ"). (Tr. 38-71). On September 17, 2021, the ALJ

entered a decision finding Plaintiff not under a disability from February 27, 2020,

through the date of the decision. (Tr. 22-33).

Plaintiff requested review of the decision, but the Appeals Council denied

Plaintiff's request on March 7, 2022. (Tr. 1-6). Plaintiff initiated the instant action

by Complaint (Doc. 1) filed on April 28, 2022, and the case is ripe for review. The

parties consented to proceed before a United States Magistrate Judge for all

proceedings. (Doc. 17).

### D.     Summary of ALJ's Decision

In this matter, the ALJ found Plaintiff meets the insured status requirements

of the Social Security Act through June 30, 2023. (Tr. 24). At step one of the

sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial

gainful activity since February 27, 2020, the alleged onset date. (Tr. 24). At step two,

the ALJ found that Plaintiff had the following severe impairments: "mild

degenerative joint disease of the right shoulder, mild loss of medial femoral tibial

joint space of the right knee, obesity, major depressive disorder, and post-traumatic

stress disorder (PTSD)." (Tr. 24). At step three, the ALJ found that Plaintiff did not

have an impairment or combination of impairments that meets or medically equals

the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P,

Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (Tr. 25).

Before proceeding to step four, the ALJ found that Plaintiff had the following

RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 [C.F.R. §] 404.1567(c) except he can lift and/or carry 50 pounds occasionally and 25 pounds frequently; he can stand and/or walk for 6 hours in an 8 hour day and sit for 6 hours in an 8 hour day; he is limited to frequent climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; he is limited to occasional climbing of ladders and scaffolds; he is limited to occasional work around high exposed places; he is able to perform simple, routine, and repetitive tasks; he is able to understand, remember, and carry out simple instructions; he is limited to work that requires occasional changes in the work setting; he is limited to work that requires occasional interaction with the public, coworkers, and supervisors; and he is unable to meet fast paced and/or high production demands.

 (Tr. 28).

At step four, the ALJ found Plaintiff was unable to perform his past relevant

work as a deli cutter/slicer and bakery worker. (Tr. 32). At step five, the ALJ found

that considering Plaintiff's age (50 on the alleged disability onset date), education

(at least high school), work experience, and RFC, there were jobs that existed in

significant numbers in the national economy that Plaintiff could perform. (Tr. 35).

The vocational expert testified that a person with Plaintiff's limitations could

perform such occupations as:

(1)   industrial cleaner, DOT 381.687-018,[1] medium, SVP 2

(2)   cleaner II, DOT 919.687-014, medium, SVP 1

(3)   warehouse worker, DOT 922.687-058, medium, SVP 2

(Tr. 33). The ALJ concluded that Plaintiff had not been under a disability from February 27, 2020, through the date of the decision. (Tr. 33).

## II.    Analysis

On appeal, Plaintiff raises two issues:

1)    Whether the Appeals Council erred in rejecting consideration of Dr. Cherry's report; and

2)    Whether the evidence supported the ALJ's RFC determination.

(Doc. 20, p. 16, 20). The Court begins with the RFC assessment.

### A.    RFC Assessment

Plaintiff asserts that the ALJ did not properly assess Plaintiff's RFC. An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously probe into, inquire

---

[1] DOT refers to the *Dictionary of Occupational Titles*.

of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). At step four, the task of determining a claimant's RFC and ability to work rests with the administrative law judge and not with a doctor. *Moore v. Comm'r of Soc. Sec.*, 649 F. App'x 941, 945 (11th Cir. 2016); *see also Castle v. Colvin*, 557 F. App'x 849, 853-54 (11th Cir. 2014), *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 924 (11th Cir. 2007).

Plaintiff asserts that by limiting him to "occasional interaction" with the public, coworkers, and supervisors, the ALJ determined that Plaintiff could be interacting with people for up to one-third of a workday. (Doc. 20, p. 22). Plaintiff argues that this limitation ignores the unpredictable and sporadic nature of Plaintiff's PTSD symptoms. (Doc. 20, p. 22). Plaintiff contends that he may have to interact with the public or coworkers during the same period that he is reliving an experience with combat, or a customer may trigger his PTSD, and he will become angry, belligerent, or violent during a workday. (Doc. 20, p. 22).

The Court agrees. Even though the ALJ thoroughly considered the relevant evidence, including Plaintiff's subjective complaints and normal and abnormal mental examinations in assessing Plaintiff's RFC, the ALJ did not consider the episodic and unpredictable nature of PTSD. (Tr. 25-32); *see Tumlin v. Comm'r of Soc. Sec.*, No. 2:19-cv-457-JLB-NPM, 2021 WL 1214880, at *13 (M.D. Fla. Mar.

31, 2021). While the ALJ limited Plaintiff to occasionally interacting with the public, coworkers, and supervisors, this limitation ignores the unpredictable nature of this impairment. *See id.* Plaintiff could suffer severe symptoms from PTSD at any time during a workday, making him unable to maintain steady employment. And while the ALJ emphasized Plaintiff's normal mental examinations, having normal mental examinations while in the controlled environment of a therapists office or telephonic meeting does not equate to the stress of a work environment or the possibility of a triggering event. *See Tumlin*, 2021 WL 1214880, at *14; (Tr. 25-32). Thus, substantial evidence does not support the ALJ's RFC finding.

## B.    Appeals Council

Plaintiff argues that the Appeals Council erred in denying Plaintiff's request for review and in finding that a report by Megan L. Cherry, Ph.D. dated October 18, 2021, did not relate to the period at issue and therefore did not affect the decision about whether Plaintiff was disabled beginning on or before September 17, 2021. (Doc. 20, p. 17-19; Tr. 1-2). Plaintiff contends that Dr. Cherry's report supported Plaintiff's own testimony and other medical evidence of record that Plaintiff's PTSD and Major Depressive Disorder ("MDD") "could have caused the kind of concentration problems he related at the hearing." (Doc. 20, p. 19).

"'With a few exceptions, the claimant is allowed to present new evidence at each stage of this administrative process,' including before the Appeals Council."

*Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (quoting *Ingram v. Comm'r of Soc., Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir.2007)). Under new regulations effective in 2017,[2] the Appeals Council will review a case when it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5); 20 C.F.R. § 416.1470(a)(5). Because this action is being remanded to reassess Plaintiff's RFC, the Commissioner will also consider Dr. Cherry's evaluation.

## III.    Conclusion

For the reasons discussed above, the decision of the Commissioner is **REVERSED and REMANDED** such that this action is remanded to consider Dr. Cherry's evaluation and to reconsider Plaintiff's RFC assessment. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate any motions and deadlines, and afterward close the file.

---

[2] In 2016, 20 C.F.R. § 404.970 was amended, effective January 17, 2017, but with compliance not required until May 1, 2017. *See* 81 Fed. Reg. 90987, 90996 (Dec. 16, 2016).

**DONE** and **ORDERED** in Fort Myers, Florida on August 10, 2023.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties